UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23675-Civ-COOKE/TURNOFF

LEE SILBER,

    Plaintiff
vs.

WALGREENS,

    Defendant.
_____/

### ORDER OF DISMISSAL

THIS CASE is before me on an independent review of the record. *Pro se* Plaintiff Lee Silber initiated this action on October 11, 2011, against Walgreens because he "was kicked out of two Walgreens stores" in Miami, in violation of his First and Fourteenth Amendment rights. Mr. Silber has also moved to proceed *in forma pauperis*. A court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that … the action … fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The facts pleaded in a complaint must state a claim for relief that is plausible on its fact. *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009). Although courts liberally construe *pro se* pleadings[1], when a plaintiff proceeds *in forma*

---

[1] A *pro se* litigant's pleadings must be construed more liberally than pleadings drafted by attorneys. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court a license to serve as *de facto* counsel for a party … or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

*pauperis*, § 1915 grants courts the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Nietzke v. Williams*, 490 U.S. 319, 327 (1989).

On its face, the Complaint fails state a valid cause of action. At best, Mr. Silber attempts to assert a cause of action for race discrimination. To establish a prima facie case of race discrimination, a plaintiff must show (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, and (3) interference by the defendant with an activity protected under the statute. *See* 42 U.C.S. § 1981; *Kinnon v. Arcoub, gopman & Assoc. Inc.*, 490 F.3d 886, 891 (11th Cir. 2007). "Section 1981 does not provide a general cause of action for all racial harassment that occurs during the contracting process." *Kinnon*, 490 F.3d at 892. "Rather, in the retail context, the plaintiff must demonstrate the loss of an actual contract interest." *Id.* (internal quotations and citations omitted). Although Mr. Silber does allege that he "tried to purchase some items" and was denied the ability to perform a retail sales contract, he fails to identify his race in contrast to the race of the Walgreens employees who asked Mr. Silber to leave the store. Mr. Silber also fails to indicate whether the employees were acting within the scope of their employment or with discriminatory intent.

Federal Rule of Civil Procedure 15(a)(1) allows a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. However, a district court need not allow a plaintiff to amend a complaint if the amendment would not serve to cure the defective pleading. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). This is Mr. Silber's third attempt to assert this cause of action against Walgreens. *See Silber v. Walgreens, et al.*, Case No. 11-22951-Civ-Altonaga (dismissed for failure to state a cause of action); *Silber v. Walgreens*, Case No. 10-23040-Civ-Cooke (dismissed for failure to state a cause of action).

Notwithstanding Mr. Silber's third bite at the apple, the allegations remain incomprehensible and do not comply with the pleading requirements of the Federal Rules of Civil Procedure. The Eleventh Circuit has deemed it appropriate to dismiss a complaint with prejudice when a plaintiff has been provided with two opportunities to correct an insufficient complaint, and subsequently filed another complaint failing to comply with Rule 8(a)(2). *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (2008). Mr. Silber has been given several opportunities to file his complaint in order to conform with the liberal pleading standard of Rule 8(a)(2), but has continuously failed to do so.[2]

For the foregoing reasons, it is **ORDERED and ADJUDGED** that this case is **DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 29TH day of December 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
Lee Silber, *pro se*

---

[2] Mr. Silber is a "serial litigant" as he has filed 41 cases in the Southern District of Florida since 2008. Each case, excluding one that is still pending, has been dismissed for failure to state a cause of action.